**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

TELEM FAIRCHILD,

Plaintiffs,

v.

INSPECTOR CUNDIFF, *et al.*,

Defendants.

Case No. 23-cv-01972

Judge Mary M. Rowland

**MEMORANDUM OPINION AND ORDER**

Plaintiff Telem Fairchild filed this action seeking relief under 42 U.S.C. § 1983 and § 1988 for violations of his Fourth and Fourteenth Amendment rights. [6]. Before the Court is a motion to dismiss [20] filed by Defendant Cundiff. For the reasons stated below, Defendant Cundiff's motion to dismiss [20] is granted.

**I. Background[1]**

On April 13, 2021, Fairchild was in the vicinity of the 2600 Block of East 83rd St., in Chicago, Illinois. [6] ("Compl.") ¶ 7. Fairchild was not breaking any laws, was not committing any crimes, and was not wanted under any warrant. *Id.* ¶ 8. Defendants McDermott and McGrone, Chicago police officers, as well as Defendant Cundiff, a U.S. Marshals Service ("Marshals Service") Inspector, approached Fairchild on the street and without provocation threw him to the ground. *Id.* ¶¶ 4–5, 9, 11. Fairchild alleges that the Defendant law enforcement officers—without

---

[1] This Court accepts as true the following facts from the operative complaint [6]. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

1

probable cause or a warrant—arrested him using excessive force, placed him in handcuffs, and transported him to the police station. *Id.* ¶¶ 11–14.

## II. Legal Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). Detailed factual allegations are not needed but the standard "require[s] 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)). Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

**III. Analysis**

As a preliminary matter, Fairchild seeks relief under 42 U.S.C. § 1983 and §1988 against Inspector Cundiff for violations of his Fourth Amendment right. The only form of relief for violations of constitutional rights against federal employees, acting under the color of federal law, is a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003).

Inspector Cundiff argues that Fairchild fails to state a *Bivens* claim upon which relief may be granted because his claim presents a "new context" and it involves "special factors," including alternative remedies, such that no *Bivens* remedy is available. The Court agrees.

**A.** *Bivens* **Framework**

In *Bivens*, the Supreme Court "recognized for the first time an implied private right of action for damages against federal officers," *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001), based on a claimed Fourth Amendment violation committed by federal narcotics agents who allegedly entered and searched the plaintiff's apartment and then arrested him without a warrant. *Bivens*, 403 U.S. at 389, 397. The Court has extended the *Bivens* remedy to two additional contexts: a claim against a member of Congress for gender discrimination under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979), and a claim against federal prison officials for failure to provide necessary medical care under the Eight Amendment, *Carlson v. Green*, 446

3

U.S. 14 (1980). Since 1980, the Court has rejected requests to recognize other types of *Bivens* claims. *See Hernández v. Mesa*, 140 S. Ct. 735, 743 (2020).

The Supreme Court has provided a two-step framework for determining whether a *Bivens* claim may proceed. *See Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022). The Seventh Circuit explained the framework as follows:

> The first step asks whether the plaintiff's case presents "a new *Bivens* context." *Id.* at 1803 (quoting [*Ziglar v. Abbasi*, 582 U.S. 120, 139 (2017)]). If it does not, then the plaintiff's claim may proceed. But if the claim arises in a new context, then the court must consider whether "there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* (quoting *Abbasi*, 582 U.S. at 136). "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Id.* (quoting *Hernández*, 140 S. Ct. at 743).

*Snowden v. Henning*, 72 F.4th 237, 242 (7th Cir. 2023).

### B. New Context

Under the first step, the Court must determine if Fairchild's claim presents a *Bivens* claim in a new context. *Id.* The Supreme Court has identified the following examples that lead to a "meaningfully different" claim:

> the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Abbasi*, 582 U.S. at 139–40. A context may also be "new" when a "new category of defendants" is involved. *Hernández*, 140 S. Ct. at 743 (quotation marks omitted).

4

Inspector Cundiff contends that Marshals Service inspectors are a new category of defendant. The Supreme Court has "consistently refused to extend Bivens to any new context or new category of defendants." *Abbasi*, 137 S. Ct. at 1857 (quoting *Malesko,* 534 U.S. 61 at 68). Here, Inspector Cundiff is a Marshals Service inspector, not a Federal Bureau of Investigation or Drug Enforcement Administration agent. Fairchild responds that his claim does not present a "new context" because Marshal Service inspectors are indisputably "federal agents" like the narcotics agents in *Bivens*. [27] at 1–2. But Fairchild has waived this argument by failing to develop it and failing to respond to Inspector Cundiff's argument that the claims involve members of a Marshals Service regional task force. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (conclusory and underdeveloped arguments are waived); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument ... results in waiver."). Regardless of waiver, the Court joins other courts and finds there is a "new context" because the claim involves the Marshals Service. *See Cain v. Rinehart*, No. 22-1893, 2023 WL 6439438, at *4 (6th Cir. July 25, 2023) (finding new context because "[t]his case involved the U.S. Marshals Service, while *Bivens* concerned the actions of the Federal Bureau of Narcotics"); *Lewis v. Westfield*, 640 F. Supp. 3d 249, 253 (E.D.N.Y. 2022), *aff'd sub nom. Lewis v. Bartosh*, 2023 WL 8613873 (2d Cir. Dec. 13, 2023) (finding new context because "[t]he defendants [we]re Deputy Marshals, rather than federal narcotics agents").

Inspector Cundiff next argues that he operated under a different legal mandate than the federal narcotics officer in *Bivens*. Again, Fairchild conceded this

5

argument by failing to respond to it. *See Bonte*, 624 F.3d at 466. Regardless, the Court is persuaded by Inspector Cundiff's arguments. The Marshals Service is statutorily required to partner with state and local law-enforcement authorities to create Fugitive Apprehension Task Forces, which are directed and coordinated by the Marshals Service. *See* 34 U.S.C. § 41503(a). Overall, Inspector Cundiff did not operate "under the same legal mandate as the officers in *Bivens*—the enforcement of federal drug laws," nor was he "the same kind of line-level federal narcotics officer as the defendant-officers in *Bivens*." *Snowden*, 72 F.4th at 246.

Therefore, the Court finds that Fairchild's claim presents a new *Bivens* context.

### C. Special Factors

Because the claim arises in a new context, the Court turns to the second step to determine whether "there are special factors indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Snowden*, 72 F.4th at 242 (cleaned up). "If there are alternative remedial structures in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action." *Egbert*, 596 U.S. at 493. "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy. That is true even if a court independently concludes that the Government's procedures are not as effective as an individual damages remedy." *Id.* at 498.

6

The Court finds there are alternative remedies for misconduct that prevent the Court from creating a remedy.

First, the Director of the Marshals Service is obligated to "supervise and direct the United States Marshals Service in the performance of its duties," 28 U.S.C. § 561(g), including "investigation of alleged improper conduct on the party of U.S. Marshals Service personnel." 28 C.F.R. § 0.111(n). The Marshals Service's Office of Professional Responsibility ("OPR") investigates employee misconduct and addresses complaints regarding personnel or programs for appropriate administrative action. *Office of Professional Responsibility*, U.S. Marshals Service, https://www.usmarshals.gov/who-we-are/office-of-professional-responsibility [https://perma.cc/YM9W-UB8A] (last visited Mar. 28, 2024). Members of the public who are allegedly subjected to misconduct by Marshals Service personnel may seek redress through a complaint form available on the website of the Marshals Service. *See Complaint Form Regarding United States Marshal Service Personnel or Programs*, U.S. Marshals Service, https://www.usmarshals.gov/resources/forms/complaint-form-regarding-united-states-marshals-service-personnel-or-programs [https://perma.cc/H7ZX-LEV4] (last visited Mar. 28, 2024).

Second, the Marshals Service is subject to oversight by the Department of Justice's ("DOJ's") Office of Inspector General ("OIG") who "may investigate allegations of criminal wrongdoing or administrative misconduct by an employee of the Department of Justice." 5 U.S.C. § 413(b)(2). The OIG reviews information and

receives complaints alleging abuses of civil rights and civil liberties by DOJ employees, including employees of the Marshals Service. *Submitting a Complaint*, U.S. Department of Justice, Office of the Inspector General, https://oig.justice.gov/hotline/submit_complaint [https://perma.cc/88BU-FDKU] (last visited Mar. 28, 2024). These OIG investigations can "sometimes lead to criminal prosecution or civil or administrative action." *Criminal and Civil Cases*, U.S. Department of Justice, Office of the Inspector General, https://oig.justice.gov/investigations/criminal_and_civil_cases [https://perma.cc/K3SN-47Y9] (last visited Mar. 28, 2024).

Like in *Egbert,* the Marshals Service's administrative processes similarly preclude the creation of a judicially implied *Bivens* remedy. 742 S. Ct. at 1806–07; *see also Cain*, 2023 WL 6439438, at *4 (noting that *Egbert* held that similar provisions applicable to the U.S. Border Patrol precluded a *Bivens* remedy). Therefore, the Court finds that the Marshal Service's grievance procedure and the DOJ OIG's investigation procedure are adequate alternative remedies.

## IV. Conclusion

For the stated reasons, Defendant Cundiff's motion to dismiss [20] is granted.

8

E N T E R:

Dated: March 28, 2024

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge